IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

AURELIA B. CHAVEZ,

        Plaintiff,

v.                                                              CIV 02-415 KBM

JO ANNE B. BARNHART,
Commissioner of Social Security,

        Defendant.

## MEMORANDUM OPINION AND ORDER

Plaintiff Aurelia Chavez is sixty year old woman who previously worked as a home health care provider. She applied for benefits alleging that she became disabled on May 31, 1999 due to various impairments. *See Administrative Record* ("*Record*") at 14, 48. The Administrative Law Judge ("ALJ") denied benefits at step four, finding that Plaintiff could perform medium work. *Id.* at 16. The Appeals Council declined review, thereby rendering the ALJ's decision final. *Id.* at 4-5.

This matter is before the Court on Plaintiff's Motion to Reverse or Remand. *Doc. 6.* Pursuant to 28 U.S.C. § 636(c) and FED. R. CIV. P. 73(b), the parties have consented to have me serve as the presiding judge and enter final judgment. For the reasons that follow, I deny the motion and affirm the decision of the Commissioner.

### I. Standard Of Review

If substantial evidence supports the ALJ's findings and the correct legal standards were

applied, the Commissioner's decision stands and Plaintiff is not entitled to relief. *E.g., Hamilton v. Sec'y of Health & Human Servs.,* 961 F.2d 1495, 1497-1500 (10th Cir. 1992). My assessment is based on a review of the entire record, where I can neither reweigh the evidence nor substitute my judgment for that of the agency. *E.g., Casias v. Sec'y of Health & Human Servs.,* 933 F.2d 799, 800 (10th Cir. 1991). "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Castellano v. Sec'y of Health & Human Servs.,* 26 F.3d 1027, 1028 (10th Cir. 1994) (internal quotations and citations omitted). "Evidence is insubstantial if it is overwhelmingly contradicted by other evidence." *O'Dell v. Shalala,* 44 F.3d 855, 858 (10th Cir. 1994) (citation omitted).

### III.  Analysis

*II.  ALJ's Findings*

The Dictionary of Occupational Titles for home health aid provides:

> Cares for elderly, convalescent, or handicapped persons in patient's home, performing any combination of following tasks:  Changes bed linens, washes and irons patient's laundry, and cleans patient's quarters.  Purchases, prepares, and serves food for patient and other members of family, following special prescribed diets.  Assists patients into and out of bed, automobile, or wheelchair, to lavatory, and up and down stairs.  Assists patient to dress, bathe, and groom self.  Massages patient and applies preparations and treatments, such as liniment or alcohol rubs and heat-lamp stimulation.  Administers prescribed oral medications under written direction of physician or as directed by home care nurse.  Accompanies ambulatory patients outside home, serving as guide, companion, and aide.  Entertains patient, reads aloud, and plays cards or other games with patient.  Performs variety of miscellaneous duties as requested, such as obtaining household supplies and running errands.  May maintain records of services performed and of apparent condition of patient.  May visit several households to provide daily health care to patients.

§ 354.377-014. Such work is classified as "medium." *Id.*

Medium work is defined as "lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds." 20 C.F.R. § 404.1567(c). In addition "[i]f someone can do medium work, **we determine that he or she can also do sedentary and light work.**" *Id.* (emphasis added). In this case, the ALJ concluded that Plaintiff has the residual functional capacity for medium work, finding that "she is capable of returning to [her prior occupation] as previously performed **or as generally performed in the national and regional economy**." *Record* at 16 (emphasis added); *see also id.* at 17, ¶ 8.

During the hearing before the ALJ, Plaintiff explained that she would have to "get my patients up[,] give them a bath, transfer them to the, to the wheelchair or the, or to the walkers and then to the bathroom." *Id.* at 215. She stated that she quit working as a home health care provider because she "couldn't do it any more . . . couldn't handle [her] patients," and the reason should could not perform her work was because she could not "lift the patients." *Id.* She further testified that she could not do her previous work because she is afraid of dropping her patients and thereby incurring a lawsuit, and because her work required a lot of driving. *Id.* at 227-28.

As Defendant notes, Plaintiff's argument for reversal or remand is "extremely limited." *Doc. 11* at 3. Plaintiff challenges only the portion of the ALJ's opinion that discusses her ability to perform her past relevant work and argues that the ALJ ignored her testimony that her prior job entailed actually entailed lifting patients and driving. *See Doc. 7* at 4.

However, as Defendants point out, Plaintiff makes no argument that she cannot perform past relevant work as it may be "generally required." The DOT description does not necessarily include "lifting" of patients. Moreover, Plaintiff does not contest the other findings upon which

the ALJ's ultimate conclusion is based. For example, she does not contest finding that she can perform medium work, which under the regulations by definition also includes light and sedentary work. She also does not contest the ALJ's findings that her diagnosis of osteoarthritis is not severe. *See Record* at 15, 16; *see also id.* at 48, 83, 85.

Finally, in assessing Plaintiff's residual functional capacity, the ALJ's did not credit Plaintiff's subjective assertions of exertional limitations and pain. The ALJ rejected Plaintiff's subjective complaints about her limitations because: (1) no treating records show any evidence of functional limitations, (2) Plaintiff is "capable of engaging in activities and driving automobile;"[1] and (3) although Plaintiff does have osteoporosis, "there are no objective findings supporting the existence of osteoarthritis." *Id.* at 16. Again, Plaintiff does not contest this credibility finding.

I cannot reweigh the evidence or substitute my judgment for that of the Commissioner. And, as Magistrate Judge Smith recently noted, "Courts generally do not address issues that the parties failed to brief. *Johnson ex rel. Johnson v. Thompson,* 971 F. 2d 1487, 1499 (10th Cir. 1992). I decline to manufacture an argument on behalf of any party." *Hitson v. First Savings Bank,* CIV 01-966 LCS/KBM (opinion entered 10/2/02).

Wherefore,

**IT IS HEREBY ORDERED** that Plaintiff's motion is DENIED and the decision of the Commissioner is AFFIRMED.

---

[1] The ALJ found that Plaintiff could drive an automobile, but the document he referenced (Exhibit 7E) does not support that proposition. In Exhibit 7E, Plaintiff stated that she could not drive. At the hearing, however, she clarified she could not manipulate a stick shift. Evidently, the ALJ found that the limitation did not preclude her from operating a vehicle with an automatic transmission.

**IT IS FURTHER ORDERED** that a final order pursuant to FED. R. CIV. P. 58 shall enter concurrently herewith.

_____
UNITED STATES MAGISTRATE JUDGE
Presiding by Consent